Filed 8/5/26  P. v. Gallegos CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERNESTO RAFAEL GALLEGOS,<br><br>    Defendant and Appellant. | B343705<br><br>(Los Angeles County<br>Super. Ct. No. XEAKA064641) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge. Affirmed.

Jake E. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ernesto Rafael Gallegos appeals the trial court's order resentencing him pursuant to Penal Code section 1172.75.[1] He argues the court should not have reimposed the upper term sentence on count 1. We affirm.

## BACKGROUND[2]

In 2006, Gallegos pled no contest to four counts of second degree robbery (see § 211; counts 1, 6, 7 & 8), including the allegations as to each count that he personally used a firearm (§ 12022.53). He also admitted as true the two prior prison term allegations under section 667.5, subdivision (b).

In accordance with the parties' plea agreement, the trial court sentenced Gallegos to 30 years, comprising: the upper term of five years on count 1 plus 10 years for the firearm enhancement; consecutive terms of one year (one-third the midterm) on counts 6, 7, and 8, plus three years four months for each corresponding firearm enhancement; and consecutive terms of one year for each of the two prior prison term enhancements, commonly known as prison priors.

In 2023, Gallegos was identified by the Department of Corrections and Rehabilitation as potentially eligible for resentencing pursuant to section 1172.75, subdivision (a). (See *id.*, subd. (b).) Gallegos's appointed counsel moved for full resentencing, arguing his prison priors were invalid (see § 667.5, subd. (b)) and the firearm enhancements should be dismissed in the interest of justice (see §§ 1385, 12022.5, subd. (c)).

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Because the facts of Gallegos's underlying offenses are not relevant to the issues presented in this appeal, we omit them. (See *People v. Mendez* (2021) 69 Cal.App.5th 347, 351, fn. 2.)

The People agreed with dismissal of the prison priors but took the position Gallegos's sentence should otherwise remain unchanged. Among other things, the People argued the trial court could reimpose the upper term on count 1 because Gallegos had originally been sentenced as such (see § 1172.75, subd. (d)(4)), and it should retain the firearm enhancements.

At a hearing in December 2024, the trial court recalled Gallegos's sentence and struck the two prison priors. It resentenced Gallegos to 28 years, leaving the rest of his original sentence the same—including the firearm enhancements and the upper term of five years on count 1.

Gallegos timely appealed. (§ 1237, subd. (a); Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

Gallegos argues the trial court erred in reimposing the upper term on count 1 because the court did not determine there were aggravating circumstances according to section 1170, subdivision (b)(2). He claims that violated the statutory framework governing resentencing proceedings and the Sixth Amendment to the United States Constitution. (See *People v. Lynch* (2024) 16 Cal.5th 730, 768; § 1172.75, subd. (d)(2).) The People argue section 1172.75, subdivision (d)(4) authorized the court to reimpose the upper term because the upper term had previously been imposed at Gallegos's original sentencing. (See § 1172.75, subd. (d)(4).)

The parties recognize our fellow Courts of Appeal have reached different conclusions on whether a trial court may reimpose an upper term in these circumstances. (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*) [§ 1172.75, subd. (d)(4) created an exception to the factfinding requirements of § 1170, subd. (b) when the

3

upper term was originally imposed]; *People v. Dozier* (2025) 116 Cal.App.5th 700, 715 [same], review granted Feb. 11, 2026, S294597; *People v. Mathis* (2025) 111 Cal.App.5th 359, 371–374 [same], review granted Aug. 13, 2025, S291628; *People v. Lua* (2026) 121 Cal.App.5th 472, 476 [same]; with *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330 (*Gonzalez*) [§ 1172.75, subd. (d)(4) allows reimposition of the upper term only when "aggravating factors [are] stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact"].) Our Supreme Court has granted review "to decide whether section 1172.75, subdivision (d)(4) allows the superior court to reimpose the upper term where the defendant did not stipulate to, and a factfinder did not find true beyond a reasonable doubt, the facts underlying one or more aggravating circumstances." (*Dozier*, at p. 714, fn. 13; see also *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

We need not reach the merits of that issue here because Gallegos forfeited his challenge to the upper term.

## I. Gallegos Forfeited His Argument Regarding the Upper Term

Gallegos concedes his counsel did not argue against reimposition of the upper term at resentencing, and he acknowledges that would ordinarily result in forfeiture of the argument on appeal. (See *People v. Saunders* (1993) 5 Cal.4th 580, 589–590.) Here, Gallegos was resentenced nearly three years after the amendments to section 1170 took effect on January 1, 2022. (See Stats. 2021, ch. 731, § 1.3.) However, he urges us to excuse his forfeiture because the law was "so unsettled" at the time of his resentencing, "reasonable minds could differ as to the appropriateness of an objection." We disagree.

4

Gallegos relies upon cases in which a party's failure to make an argument in the trial court was excused because the law was clarified after the trial proceedings. (See *In re Gladys R.* (1970) 1 Cal.3d 855, 861; *People v. Haston* (1968) 69 Cal.2d 233, 256, fn. 28; see also *People v. Ruiz* (1990) 222 Cal.App.3d 1241, 1246 [remanding for new hearing after law was clarified].) But Gallegos has not pointed to any clarification that occurred after his resentencing hearing. On the contrary, *Gonzalez*, *supra*, 107 Cal.App.5th 312, the primary case upon which Gallegos relies for his argument here, was issued a week *before* his hearing.

Thus, Gallegos forfeited his argument the resentencing court could not reimpose the upper term on count 1. (See *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 464–465.)

## II. Gallegos Has Not Demonstrated He Received Ineffective Assistance of Counsel

Gallegos further argues we should exercise our discretion to consider his argument about the upper term on its merits to foreclose a later habeas petition based on ineffective assistance of counsel. (See *People v. Torres* (2025) 113 Cal.App.5th 88, 92.) We decline to do so.

Instead, we consider his ineffective assistance of counsel claim. To prevail, Gallegos "bears the burden of showing by a preponderance of the evidence that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficiencies resulted in prejudice." (*People v. Centeno* (2014) 60 Cal.4th 659, 674 (*Centeno*).) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked

5

for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in habeas corpus proceedings." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Gallegos points out his counsel's motion for resentencing once incorrectly stated his original sentence on count 1 was the "mid term of 5 years," and he argues that indicates "counsel may not have been aware" he had received an upper term. According to Gallegos, "counsel would have been ineffective for failing to object if under the misimpression that five years was not the high term." But speculation about counsel's possible understanding of the facts does not demonstrate counsel's performance was deficient. (See *People v. Williams* (1988) 44 Cal.3d 883, 933 ["[a] factual basis, not speculation," is required].)

A review of the entire record does not support Gallegos's argument counsel was confused about his original sentence. The People's opposition discussed Gallegos's upper term on count 1 and argued it should be reimposed, and the resentencing court stated Gallegos "was given a high term at the time of the original sentencing, and therefore, the court will continue to do so." Gallegos's counsel did not object or seek clarification, which suggests counsel was not confused. Moreover, the record does not affirmatively disclose counsel's reasons for not arguing against reimposition of the upper term, let alone indicate it was because of confusion. On this record, Gallegos has not shown his counsel's performance was deficient.

Gallegos also failed to argue he was prejudiced by counsel's purported deficiencies, which is required to demonstrate ineffective assistance. (See *Centeno*, *supra*, 60 Cal.4th at p. 674 [prejudice is "a 'reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different' "]; *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282 [we " 'will not develop the appellants' arguments for them' "].)

We therefore reject Gallegos's ineffective assistance of counsel claim.

## DISPOSITION

The order is affirmed.


RICHARDSON, J.


WE CONCUR:



LUI, P. J.



CHAVEZ, J.